*FILED*

PROVIDED TO
SANTA ROSA C.I. ON

AUG 1 4 2011

FOR MAILING

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2011 AUG 17 PM 1: 38

*Jacksonville* Division

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

**CIVIL RIGHTS COMPLAINT FORM**

<u>Devandal Thomas, Pro se</u>

CASE NUMBER: *3:11-cv-823-J-34MCR*
(To be supplied by Clerk's Office)

(Enter <u>full name</u> of each <u>Plaintiff</u> and prison
number, if applicable)

v.   EDWARD G. BUSS,
Secretary, Department of Corrections
J. SCOTT THAYER, M.D.,
Regional medical Executive Director
JULIAN AVILES, M.D.,
Correctional Chief Health Officer
JOHN DOE-DEFENDANT # 1
Correctional Lieutenant.
(Enter <u>full name</u> of each <u>Defendant</u>. If
additional space is required, use the blank
area directly to the right).

JOHN DOE - DEFENDANT, # 2
Sergeant
JOHN DOE - DEFENDANT, # 3
officer
JOHN DOE - DEFENDANT #4
officer,
JOHN DOE - DEFENDANT, # 5
officer
JOHN DOE - DEFENDANT, # 6
officer
JOHN DOE - DEFENDANT, # 7
officer,
JANE DOE - DEFENDANT, # 8
Nurse
JANE DOE - DEFENDANT, # 9
Nurse
JOHN DOE - DEFENDANT, #10
medical Doctor

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.   <u>PLACE OF PRESENT CONFINEMENT:</u>  Santa Rosa Correctional Institution,
(Indicate the name and location)

5850 East milton Road, milton, Florida 32583 .

II.   <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS?</u> Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

DC 225 (Rev. 9/03)                                        1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.  <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (✓) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  <u>Informal Grievance</u> (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.   <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.   <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___14th___ day of _____August_____, 2 _011_.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No ( ✓ )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

    1. What steps did you take? _____

    _____

    2. What were the results? _____

    _____

    3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

_____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _____ day of _____, 2____ .

_____
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No (✓)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No (✓)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): _____

_____ N/A _____

Defendant(s): _____

_____

2.   Court (if federal court, name the district; if state court, name the county):

_____

3.   Docket Number: _____ N/A _____

4.   Name of judge: _____

5.   Briefly describe the facts and basis of the lawsuit: _____

_____ N/A _____

6.   Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

_____ N/A _____

7.   Approximate filing date: _____

8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                          **5**

## PREVIOUS LAW SUITS CONTINUED :

No history of filed lawsuits.

## V. PARTIES :

A.   Devandal Thomas - DC# 182913
Santa Rosa Correctional Institution
5850 East Milton Road
Milton , Florida 32585

## DEFENDANTS :

B.   Edward G. Buss - Secretary, Department of Corrections
2601 Blairstone Road
Tallahassee, Florida 32399
Employed at : Department of Corrections

C.   J. Scott Thayer, M.D., Regional Medical Exec. Director
P.O. Box 628
Lake Butler, Florida 32054
Employed at : Department of Corrections

D.   Julian Aviles, M.D., Chief Health Officer
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026
Employed at : Department of Corrections

E.   John Doe - Defendant #1, Correctional Lieutenant
Change of address is unknown
Employed at : Department of Corrections

# PARTIES CONTINUED :

F.   John Doe - Defendant #2, Correctional Sergeant
     Union Correctional Institution
          7819 N.W. 228th Street
          Raiford, Florida 32026
     Employed at : Department of Corrections

G.   John Doe - Defendant #3, Correctional Officer
          Change of address is unknown
     Employed at : Department of Corrections

H.   John Doe - Defendant #4, Correctional Officer
          Change of address is unknown
     Employed at : Department of Corrections

I.   John Doe - Defendant #5, Correctional Officer
          ( Deseased )
          No longer employed at Department of Corrections

J.   John Doe - Defendant #6, Correctional Officer
          Change of address is unknown
     Employed at : Department of Corrections

K.   John Doe - Defendant #7, Correctional Officer
          Change of address is unknown
     Employed at : Department of Corrections

L.   Jane Doe - Defendant #8, Correctional Nurse
          Change of address is unknown
     Employed at : Department of Corrections

# VI.     *STATEMENT OF CLAIM*

The Plaintiff under this claim was the Person subjected to unjustified use of excessive force and deliberate indifference to inadequate medical care and treatment in violation of his Eighth and Fourteenth Amendment Rights.

# VII.     *STATEMENT OF FACTS*
## EXCESSIVE USE OF FORCE
### ISSUE ONE

**1.** This event give rise to the action of the Plaintiff who were unlawfully beaten by Prison guards while being housed in a Transitional Care Unit (TCU) at Union Correctional Institution (UCI).

**2.** At approximately 1030 P.m., on Saturday, January 27, 2008, at which time the defendants [Defendant #3 and #7] approached the Plaintiff's cell door. Thereafter he was advised by Defendant #3 that the medical staff had wanted him brought to the in house treatment room for a routine blood pressure check.

**3.** The Plaintiff was subsequently escorted by the two said Defendants to the treatment room in full restraints where he then saw Defendant #8 standing at the door.

**4.** The Plaintiff then refused to allow Defendant #8 to conduct his blood pressure check due to a Previous complaint brought against her (verbally) for inadequate medical treatment.

## STATEMENT OF FACTS, CONTINUED :

5. Consequently Defendant #8 therefore Instructed for Defendant #3 to secure the Plaintiff Inside of the medical holding cell.

6. Soon after the Plaintiff was confronted by the housing Supervisor defendants [Defendant #1 and #2] in which Defendant #1 then had ask him "what may have seem to be his fucking Problem ? "

7. The Plaintiff replied that he did not have a Particular Problem with anyone, except the fact that he had [d]enied Defendant #8 to assess his blood pressure.

8. The defendants [Defendant #1 and #2] with nothing else being further said, then proceeded inside of the nurse's station where they also had summoned for the other defendants to come inside as well.

9. Thereupon a close door discussion were being held among the defendants [Defendant #1, #2, #3, #4, #5, #6, #7, #8 and #9] to which the Plaintiff subsequent notice various John Doe prison guards emerging through the enterence door of the building where they too had Joined the discussion being held thereof.

10. Moments later the Plaintiff stated to observe the defendants [Defendant #1, #2, #8 and #9] exiting the building and re-appearing through the window the glass door.

# STATEMENT OF FACTS, CONTINUED :

11. The holding cell door quickly were unsecured by Defendant #4, who then had allowed Defendant #3 to immediately punch the Plaintiff in the face with a closed fist while knocking him backwards against the holding cell wall.

12. The Plaintiff was attack by several defendants [Defendant #3, #4, #5, #6 and #7] with furious blows towards the head, neck, thighs, chest and shoulder areas as he screamed and pleaded for the defendants [Defendant #1, #2, #8 and #9] to intervene and make the defendants stop, but to no avail did they intervene as they watch the defendants continued the beating.

13. During this event Defendant #5 then kneeled over the Plaintiff and spewed in his face and then stated: "We gon teach you a good lesson nigger about opening your dam mouth around here, boy!"

14. Thereafter Defendant #5 suddenly lifted the Plaintiff's leg shackels above his chest while allowing other defendants [Defendant #3, #4, #6 and #7] to take repeated turns kicking him below the lower back until he was kicked unconscious.

15. When the Plaintiff had awoken from his state of unconsciousness which defendants [Defendant #3, #4, #5, #6 and #7] subject him to. He layed on the cell

11

# STATEMENT OF FACTS, CONTINUED :

floor covered in urine and deifecation as a result
from the excessive use of force.

16. Soon after Defendant # 6 then grab the Plaintiff
by the head, forcing him to find feces on the cell floor
and thus had demanded that he [e]at them. Upon
each one he ate, Defendant # 6 would comment:
" now thats a good dog. "

17. The defendants [Defendant # 3 and #4] afterwards
begin kicking the Plaintiff in the buttocks while yelling
and screaming : " get the fuck UP ! get the fuck
UP NOW ! " But he could not Physically respond to their
strict demands, due to him still being in shock, weak
and could not move.

18. The defendants [Defendant #3 and #4] tryed to
force walk the Plaintiff back to his assigned housing
Unit, but when he had displayed no attempt to walk
back on his own accord. He immediately was returned
back to the holding cell where the defendants [Defend-
ant #3, #4, #5, #6 and #7] had assualted him
again.

19. Unexpectedly, Defendant #8 then appeared inside
of the holding cell during which time she then slap
the Plaintiff in the face-by forcing him to apologize
to her for the harassment.

12

## STATEMENT OF FACTS, CONTINUED :

20. Before the imposition of the hand-held video camera, Defendant #1 had warned the Plaintiff that should he comment about receiving medical treatment. He would be force to compel the defendants to use more excessive force on him. The Plaintiff thereafter complied with this demand by refusing medical treatment over the video camera.

21. On the following day of January 28, 2008 the Plaintiff subsequent relied on Senior Psychologist K. Hardesty and Psychiatrist D. Harness to refer him to the in house treatment room for urgent medical care and treatment concerning the injuries sustained to his lower back.

22. Correctional Medical Technician-certified (CMT-c) Michael Bestoso who assessed the Plaintiff's injuries and noted them to be of, : (1) lower back discomfort, (2) unable to stand erect, (3) rigid torso muscle, (4) discomfort right wrist and laceration, and (5) abrasion on the ankles.

23. Persistent follow-up medical care had resumed from February 1-4, 2008, which then resulted in the Plaintiff being referred to the Prison Urgent Care Assistance (UCA) facility where the Chief Health Officer (CHO) Julian Aviles who had recommended that he be administered an injection of (tordol) to relieve the pain and discomfort to his lower back.

13

## STATEMENT OF FACTS, CONTINUED :

24. The application of force was not applied by the defendants [Defendant #3, #4, #5, #6#7 and #8 ] "In a good faith effort to maintain or restore discipline" but instead force was used to "maliciously and sadistically to cause harm.

## EXHAUSTION REQUIREMENTS

Under the Procedural requirements set forth in the Prison Litigation Reform Act (PLRA) the Plaintiff has properly resolved all grievances through the prison's administrative procedures. [ See: Formal grievance log numbers 0802-213-016 dated February 3, 2008; 08-6-12498 dated April 28, 2008; 0802-213-154 dated February 19, 2008 and 08-6-12493 dated April 28, 2008 all attached here to. ] See: EXHIBIT A.

## INADEQUATE MEDICAL TREATMENT
### ISSUE TWO

1. The Plaintiff in this case sought follow up sick-call on February 21, 2008, complained of back pain and a right knee dysfunctional.

2. On that afternoon, Physician J. Malaver, M.D., examined the Plaintiff's lower back and right knee. He insisted that X-rays be taken, in addition to a follow-up as needed.

# INADEQUATE MEDICAL TREATMENT, CONTINUED:

3. On March 3, 2008 the Plaintiff were X-rayed at the Prison's Urgent Care Assistance (UCA) facility.

4. On March 4, 2008 the X-ray evaluation and results taken of the Plaintiff's right knee included no evidence of fracture or abnormalities. But view of the lumbar spin [SIC] Includes an incidental findings of a lumbar tilt to the right.

5. As a result, the Chief Health Officer Julian Aviles, M.D., failed to follow-up the Plaintiff to determine the appropriate treatment regimen pursuant to the lumbar tilt.

6. The Plaintiff were seen and evaluated through follow up sick-call complaint on October 13, 2008. At the Doctor's Clinic, Defendant #10 denied his request to be referred to a chiropractic specialist.

7. On October 26, 2008 the Plaintiff thereafter filed a grievance at the institutional level. In the foresaid grievance, he sought to have overturn Defendant #10 decision of not to refer him to a specialist.

8. According to the Assistant Warden S.T. Robinson and Dr. Avile's response on November 6, 2008, "there were no clinical findings to refer him to a special-ist."

# INADEQUATE MEDICAL TREATMENT, CONTINUED:

**9.** On November 12, 2008, further Administrative Remedy by the Plaintiff were filed to the Central Office seeking under their Jurisdiction review to be evaluated by a specialist.

**10.** The nature of the medical grievance were received by the Central Office Pilar Toumay who then denied the Plaintiff's request to be evaluated by a specialist on December 8, 2008.

**11.** The Plaintiff experienced back pain and involuntry muscle contraction for the entire year of 2008 and was unable to obtain adequate medication and medical attention.

**12.** The Plaintiff in good faith tryed to receive the assistance of the Regional Medical Executive Director J. Scott Thayer, M.D., seeking an examination by qualified Physicians.

**13.** According to Dr. Thayer's response on April 28, 2009, " the Department of Corrections does not provide Chir-opractic evaluation or services." **See: EXHIBIT B.**

**14.** Dispite numerous complaints, the Plaintiff has not received adequate medical treatment to this date.

# EXHAUSTION REQUIREMENTS

# EXHAUSTION REQUIREMENTS, CONTINUED:

Under the Procedural requirements set forth in the Prison Litigation Reform Act (PLRA) the Plaintiff has properly resolved all grievances through the Prison's Administrative Procedures. [ See: Formal grievance log numbers 0810-213-236 dated October 24, 2008; 0810-213-236 dated November 6, 2008; 08-6-33172 dated November 12, 2008 and 08-6-33172 dated December 8, 2008 all attached hereto. ] See: EXHIBIT C.

## VIII.          RELIEF SOUGHT

A.  Arrange for the Plaintiff to be thoroughly examine by a qualified physician with expertise in the treatment and restoration of function [b]ack.

## B.   AWARD COMPENSATION DAMAGES

The Plaintiff request Two Hundred - Fifty Thousand Dollars in compensatory damages.

## C.   AWARD PUNITIVE DAMAGES

The Plaintiff request Eight Hundred - Fifty Thousand Dollars for Physical and psychological pain endured for the physical abuse.

## D.          ATTORNEY' FEES

The Plaintiff request that all Attorney's fees be awarded by the Government Pursuant to the United States code,

17

RELIEF SOUGHT, CONTINUED :

title 42, section 1988.

E.   Grant such other relief as it may appear the
     Plaintiff is entitled.


I DECLARE UNDER PENALTY OF PERJURY THAT
THE FOREGOING IS TRUE AND CORRECT.

Signed this ___14th___ day of ___August___, 2811.

                              |S| _____
                                 DEVANDAL THOMAS, DC# 182913
                                 SANTA ROSA CORRECTIONAL INSTITUTION
                                 5850 EAST MILTON ROAD
                                 MILTON, FLORIDA 32585

# PLAINTIFF, JURISDICTION AND QUESTION :

## EDWARD G BUSS,
Secretary - Department of Corrections, in
his individual capacity

## J. SCOTT THAYER, M.D.,
Regional medical Executive Director, in
his individual capacity

## JULIAN AVILES, M.D.,
Correctional Chief Health officer, in
his individual capacity

## JOHN DOE - DEFENDANT #1,
Correctional Lieutenant, in
his individual capacity

## JOHN DOE - DEFENDANT #2
Correctional Sergeant, in
his individual and official capacity

## JOHN DOE - DEFENDANT #3
Correctional Officer, in
his individual and official capacity

## JOHN DOE - DEFENDANT #4
Correctional officer, in
his individual and official capacity

## JOHN DOE - DEFENDANT #5
Correctional officer, in
his individual and official capacity

## JOHN DOE - DEFENDANT #6
Correctional Officer, in
his individual and official capacity

## JOHN DOE - DEFENDANT #7
Correctional Officer, in
his individual and official capacity

## JANE DOE - DEFENDANT #8
Correctional Nurse, in
her individual capacity

## JANE DOE - DEFENDANT #9
Correctional Nurse, in
her individual and official capacity

## JOHN DOE - DEFENDANT #10
Correctional medical Doctor, in
his individual capacity

19

# EXHIBIT   A
## FORMAL GRIEVANCE LOG NUMBERS
## DATED FEBRUARY 3, 2008- MAY 7, 2008

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: THOMAS, DEVANDAL          182913          U.C.I
      Last   First   Middle Initial     Number     Institution

Part A – Inmate Grievance

EMERGENCY GRIEVANCE - COMPLAINT ( STAFF ABUSE)
THE NATURE OF THIS GRIEVANCE IS APPROPRIATELY BEING FILED AS A COMPLAINT
WITH THIS ADMINISTRATION TO CONDUCT AN THOROUGHLY AND PROMPT INVESTIG-
ATION, IN WHICH THE GRIEVANT WAS ALLEGEDLY ASSAULTED BY STAFFS HERE
AT UNION CORRECTIONAL INSTITUTION, WHILE IN A (TCU) TREATMENT CARE UNIT.
THIS EMERGENCY GRIEVANCE COMPLAINT AVERS TO THE FOLLOWING :

IN ESSENCE WITH THE INFLICTED ASSAULT BY STAFFS HERE AT UNION CORREC-
TIONAL INSTITUTION. THE GRIEVANT RESPECTFULLY ALLEGES THAT WHILE
BEING IN A (TCU) TREATMENT CARE UNIT. ON THE ALLEGED DAY OF

2-3-08                                    ____ N ___ 182913
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                      #     Signature

PART B – RESPONSE

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

ORIGINAL   TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION
                                      TEAR   ON  PERFORATION

PART C - RECEIPT   (TO BE COMPLETED BY DC STAFF)

RETURN TO _____
        LAST        FIRST       MIDDLE INITIAL        NUMBER        INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT.

**PART B - RESPONSE**

U4-102

| THOMAS, DEVANDAL | 182913 | 0802-213-016 | (213) UNION C. I. | U2201L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal has been reviewed and evaluated. Your allegations are currently under review by the Office of the Inspector General, Case No. 08-21005. Upon the completion of this review, information will be provided to the appropriate administrators for final determination and handling. As this process was initiated prior to the receipt of your grievance your request for action by this office is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachment(s) you wish considered, and those required by Chapter Rule 33-103.007, and forwarding the form with all attachments to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500, within 15 calendar days of this response.

D. MALLARD                    M. HICKS, WARDEN

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Thomas, Devandal                152113             UCI
      Last   First   Middle Initial        Number          Institution

| Part A – Inmate Grievance |
|---|

EMERGENCY Grievance - Complaint

THE Nature of this Grievance is Being Filed pursuant to An insufficient Investigation, in Reference to the alleged staffs abuse which Had occurred on 1-27-08. Where the Grievant in this case, was Negated the Right And Opportunity to Be promptly Investigated By the Institutional Inspector, Here At union Correctional Institution. Therefore, This Grievance Avers to the following:

This Grievance specifically alleges where the Grievant was physically Assaulted By staffs, Here At union Correctional Institution on January 27, 2008. On the

2-18-08                                      152113
DATE                          SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                                      Signature

PART B – RESPONSE

_____    _____    _____
SIGNATURE AND TYPED OR PRINTED NAME   SIGNATURE OF WARDEN, ASST. WARDEN, OR   DATE
OF EMPLOYEE RESPONDING                SECRETARY'S REPRESENTATIVE

ORIGINAL TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION
................................................. TEAR ON PERFORATION .................................................

PART C – RECEIPT   (TO BE COMPLETED BY DC STAFF)

RETURN TO _____
          LAST        FIRST       MIDDLE INITIAL          NUMBER            INSTITUTION

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FILED

**PART B - RESPONSE**

| THOMAS, DEVANDAL | 182013 | 0802-213-154 | (213) UNION C. I. | U4102L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your request for administrative remedy has been received, reviewed and evaluated. Your allegations were previously referred to the inspector's office and your allegations were unsubstantiated.

Based on the foregoing information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

T. MANNING                              S.T. ROBINSON

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2/21/08 DATE |
|---|---|---|

mailed 2-22-08

CCPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)**

RETURN TO

| THOMAS, DEVANDAL | 182913 | 0802-213-154 | (213) UNION C. I. | U4102L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

10O (OTHER       (COMPLNTS))

| 2/19/08 | 0802-213-154 | H. Williams |
|---|---|---|
| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED

MAY 01 2008

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

TO: ☐ Warden          ☐ Assistant Warden          ☒ Secretary, Florida Department of Corrections          (S₁)

From: THOMAS, DEVANDAI                    182913                    UCI
      Last    First    Middle Initial          Number                    Institution

---

### Part A – Inmate Grievance

08-6-12498

On February 3, 2008 the Grievant has filed an alleged (staffs abuse) Complaint to the Administrative Pursuant to Grievance Log# 0802-213-016, this Complaint was Referred for further Investigation to the Office of Inspector General, Case No. 08-21005. (See Attached Grievance Dated February 3, 2008.) As a Result of all situations complained of, the Grievant Mental Health was affected. On February 27, 2008 the Grievant was Placed in "Crisis Stabilization" on suicide observation where He Remained until April 19, 2008. Upon Getting off S.O.S. He Remained on C.S.U. Ward. The Grievant was not Given nor Allowed to have any of

4-28-08                                          182913
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

---

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___1___
                                                          # / Signature

---

### PART B – RESPONSE

SIGNATURE AND TYPED OR PRINTED NAME          SIGNATURE OF WARDEN, ASST. WARDEN, OR          DATE
OF EMPLOYEE RESPONDING                        SECRETARY'S REPRESENTATIVE

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION, ACTION.
                                    TEAR  ON PERFORATION

FILED / FILED
WITH AGENCY CLERK

MAY 0 9 2008

Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| THOMAS, DEVANDAL | 182913 | 08-6-12498 | (213) UNION C. I. | S1117S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General.  A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

When filing a grievance/appeal, provide all pertinent documentation such as official forms, continuation sheets, responses and attachments.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

S. MILLIKEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEIVED
MAY 01 2008
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: Thomas, Devandai                      182913              UCI        (S)
      Last   First   Middle Initial          Number           Institution

| Part A – Inmate Grievance | 08-6- 12493 |

ON FEBRUARY 18, 2008 THE GRIEVANT HAD FILED AN EMERGENCY - GRIEVANCE
Complaint to the administrative alleging that he was deprived of an
Adequate Investigation by the Inspector's office . Where the Inspector's
office had failed to Interview the grievant and other pertinent witnesses
pursuant to the alleged staffs abuse fired January 27, 2008. The failure of
the Inspector's office to conduct an thoroughly and prompt investigation
of the alleged staffs abuse constituted inadequate investigation . ( see
attached Grievance log # 0802- 213- 154 .)

As a result of all situations complained of, the grievant mental health was
affected. On February 27, 2008, the grievant was placed in " crisis stabilization
On suicide observation where he remained until April 9, 2008 . Upon getting
off S.O.S. he remained on the C.S.U. ward. The grievant was not given
nor allowed to have any of his personal, nor legal property. The grievant
contends that all of his past grievances once responded to were sent
to the mail room for storage until he was released from c.s.u. Further-
more, he was not allowed to respond to any of the grievances. The gri-
evant could not respond in the 15 day allotted time - this is why this gri-
evance has been responded to on this late date . Doctor and security
with held the grievant grievances not permitting him to respond in timely
fashion . The nature of this grievance avers to the following !

On the alleged day of January 27, 2008 the grievant had made a verbal complaint
to his mental health counselors mrs. Hardesty and Doctor Harness that he was
assaulted by staffs. An immediate (incident report) was filed by mrs. Hardesty

4-28-08                                           ☐ 18298 -182913
DATE                                    SIGNATURE OF GRIEVANT AND D C #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ☐
                                                                    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below)

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on   5/1/08            10g
                          (Date)      Institutional Mailing Log #: _____    S. Green 213
                                                                       (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
| | INMATE (2 Copies) | DOMATS |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION /FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

1137do

Formal Grievance

Attachment 1 of 1

And Doctor Harness to the Inspector's Office. The Grievant contends the Inspector's office Had Failed to properly interview Him, Mrs. Hardesty and Doctor Harness Regarding to their Alleged Filed Incident Report. However, the Failure of the Inspector's office to conduct His own independent investigation for the Administrative to Determine the cause of Actions pursuant to the Grievant Complaint. Prematurely Allowed the Administrative to Refer the Grievant Grievance to the Office of the Inspector General, In case No. 08-21005, without the Complete Facts Being thoroughly Investigated. Therefore, the Grievant Respectfully Request that the Inspector General Investigate the Above Witnesses Based on their Filed ( Incident Report )

/S/ _____

Devandai Thomas DC# 182913

Date: 4-28-08

**PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| THOMAS, DEVANDAL | 182913 | 08-6-12493 | (213) UNION C. I. | S1117S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

10G (IMPROPER CONDUCT   (COMPLNTS))

| 5/1/08 | 08-6-12493 | |
|---|---|---|
| DATE | GRIEVANCE LOG NUMBER | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

FILED WITH AGENCY CLERK

MAY 0 9 2008

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| THOMAS, DEVANDAL | 182913 | 08-6-12493 | (213) UNION C. I. | S1117S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

When filing a grievance/appeal, provide all pertinent documentation such as official forms, continuation sheets, responses and attachments.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

S. MILLIKEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 5 7 08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

EXHIBIT B
J. SCOTT THAYER, M.D.
REGIONAL MEDICAL EXECUTIVE DIRECTOR
LETTER DATED APRIL 28, 2009



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**CHARLIE CRIST**

Secretary
**WALTER A. McNEIL**

*An Equal Opportunity Employer*

2601 Blair Stone Road · Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

May 8, 2009

I/M Thomas, Devandal DC#182913
Union Correctional Institution
7819 NW 228th Street
Raiford, Florida 32026-4000

Dear I/M Thomas,

I have reviewed your letter of 4/28/2009.

The Department of Corrections does not provide chiropractic evaluation or services.   You have been examined by qualified physicians who have determined that your current treatment is adequate for your medical needs.   There is no deliberate indifference.

Your medical needs are being met.   You should continue to work with healthcare staff at your institution.

Sincerely,

J. Scott Thayer, MD
Regional Medical Executive Director

JST/pp

cc:    Dr. Aviles, Chief Health Officer – Union CI
       Cathy Allin, Sr. Health Services Administrator – Union CI

Region II Office of Health Services
P. O. Box 628  0  Lake Butler, Florida  32054

EXHIBIT C
FORMAL GRIEVANCE LOG NUMBERS
DATED OCTOBER 26, 2008—DECEMBER 8, 2008

DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden       ☐ Assistant Warden       ☐ Secretary, Florida Department of Corrections

From: THOMAS, DEVANDAI                    182913                    UCI
    Last   First   Middle Initial     Number     Institution

---

Part A – Inmate Grievance

THE NATURE OF THIS GRIEVANCE IS BEING FILED IN REFERENCE TO PHYSICIAN ESPINO FAILURE TO PROVIDE ADEQUATE MEDICAL TO THE GRIEVANT PURSUANT TO HIS SERIOUS MEDICAL NEED. WHERE DEPRIVATION OF MEDICAL CARE WAS DENIED TO THE GRIEVANT BASED ON THE DEPARTMENT OF CORRECTIONS LOW BUDGET FUND. SPECIFICALLY ALLEGING WHERE PHYSICIAN ESPINO WAS PRECLUDED FROM MAKING A MEDICAL DISCRETIONARY DECISION REGARDING TO FURTHER TEST RESULTS. THEREFORE, THIS GRIEVANCE AVERS TO THE FOLLOWING:

ARGUMENT ONE

PURSUANT TO A PREVIOUS FOLLOW-UP SICK CALL VISIT. THE GRIEVANT WAS SCHEDULED FOR AN APPOINTMENT TO CONSULT WITH PHYSICIAN ESPINO IN REGARD TO A MYSTERIOUS OUT BREAK ON HIS SKIN, IN ADDITIONAL TO A AGGRAVATED PINCH NERVE IN HIS BACK. SEE ( MEDICAL RECORD) DC4-701 FORM DATED 10-13-08.) A CONSULTATION WAS HELD ON OCTOBER 13, 2008, IN WHICH THE GRIEVANT CONTENDS THAT PHYSICIAN ESPINO WAS INFORMED ABOUT HIS AGGRAVATED PINCH NERVE IN HIS BACK. AND THAT THE INJURY SUSTAINED WITH HIS LOWER BACK HAD OCCURRED FROM AN ALLEGED ASSAULT DATED JANUARY 27, 2008. ALTH- OUGH THE GRIEVANT ASSERTS THIS HIS MEDICAL RECORDS MAY IN FACT REFLECT THE RESULTS TAKEN OF HIS X-RAYS ON MARCH 4, 2008 WAS NORMAL. SEE ( MEDICAL RECORD, DC4-701 FORM DATED 3-14-08.) IT DOES NOT EXCUSE THE FACT THAT PHYSICIAN ESPINO HAD NEG LECTED TO EVALUATE MEDICAL RECORDS, AFTER THE GRIEVANT HAD SOUGHT NUMEROUS OF FOLLOW UP SICK CALL VISIT, REGARDING TO HIS LOW BACK PINCH NERVE. THE GRIEVANT THEN MADE A REQ UEST TO PHYSICIAN ESPINO TO ▓▓▓▓▓ HAVE HIM REFERRED TO CONSULT WITH A CHIRO- PRACTIC SPECIALIST. THIS REQUEST, HOWEVER, WAS DENIED BY PHYSICIAN ESPINO WITH THE EXCEPTION, THAT THE GRIEVANT DID NOT MEET THE STANDARD REQUIREMENTS UNDER THE DEPARTMENT OF CORRECTIONS LOW BUDGET FUND. THEREFORE, PHYSICIAN ESPINO HAD THEN RECOMMENDED THAT THE GRIEVANT BE PRESCRIBED MORE IBUPROFEN TO TREAT THE CONDITION

10-26-08                                              182913
DATE                                              SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED
RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING #OF 30-DAY EXTENSIONS: _____ / _____
                                                                     #     Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on _____    Institutional Mailing Log # 0810-213-236
               (Date)                                                (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                 INMATE (2 Copies)            INMATE
                 INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| THOMAS, DEVANDAL | 182913 | 0810-213-236 | UNION C.I. | N2205S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #0810-213-236

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Review of your medical record shows you were seen and evaluated on 10/13/08. There were no clinical findings to refer you to a specialist. At this time you will be followed as needed.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

J. Aviles, CHO                    S. T. Robinson, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE 11/6/08 |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
NOV 07 2008
UCI GRIEVANCE OFFICE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: __Thomas , Devandal__   __182913__   __UCI__
    Last   First   Middle Initial   Number   Institution

Part A – Inmate Grievance
08-6-33172

According to the Chief Health Officer statement provided in the administrative response that there were no clinical findings to refer the grievant to be examined by a specialist, is based on a coherent fabrication to deprive him of adequate medical care. See [grievance Log# 0810-213-236 dated 11-6-08.] The grievant argue that the reason why his medical records have failed to demonstrate no actual clinical findings is because everytime he's examined by the institution physician in regard to his chronic symptoms. The physician would examine the grievant's symptoms in accordance with medical protocol, but would subsequently neglect to document the existing symptoms during his assessment. Arguably, the grievant assert the institution physician have even gone to the extent to deprive him of adequate medical treatment because of the department of corrections low budget fund. Based on the above presumption, this is what presumably prompted the grievant to initiate this grievance. Evidently the grievant is dissatisfied with the administrative response, and avers to the following supported facts:

            Argument One

Pursuant to a previous follow-up sick call visit. The grievant was scheduled for an appointment to consult with physician Espino in regard to a mysterious out break on his skin, in addition to an aggravated pinch nerve in his lower back. See (medical record, DC4-701 form dated 10-13-08.) A consultation was held on October 13, 2008; in which the grievant contends that physician Espino were informed about his aggravated pinch nerve in his lower back. And that the injury sustained with his lower back had occurred from an

__11-12-08__                        __182913__
DATE           SEE ATTACHED    SIGNATURE OF GRIEVANT AND D.C. #
              RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                              Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance...

FORMAL GRIEVANCE
ATTACHMENT 10F1

ALLEGED PHYSICAL ASSUALT DATED JANUARY 27, 2008. ALTHOUGH
THE GRIEVANT ASSERTS THAT HIS MEDICAL RECORDS MAY REFLECT
THE RESULTS TAKEN OF HIS X-RAYS ON MARCH 4, 2008 WAS
NORMAL. BUT IT DOES NOT STILL EXCUSE THE FACT THAT PHYSICIAN
ESPINO HAD NEGLECTED TO EVALUATE THE GRIEVANT'S MEDICAL
RECORDS AFTER HE HAD SOUGHT NUMEROUS OF FOLLOW-UP SICK
CALL VISIT REGARDING TO HIS LOWER BACK PINCH NERVE. SEE
( MEDICAL RECORD, DC4-701 FORM DATED 3-14-08. ) THE GRIEVANT
THEN MADE A REQUEST TO PHYSICIAN ESPINO TO REFER HIM TO
CONSULT WITH A CHIROPRACTIC. THIS REQUEST, HOWEVER, WAS
DENIED BY PHYSICIAN ESPINO UNDER THE PRETENSE THAT THE
GRIEVANT HAD FAILED TO MEET THE STANDARD REQUIREMENTS
UNDER THE DEPARTMENT OF CORRECTIONS LOW BUDGET FUND. THERE-
FORE, PHYSICIAN ESPINO HAD THEN RECOMMENDED THAT THE GRIE-
VANT BE PRESCRIBED MORE IBUPROFEN TO TREAT THE SYMPTOMS
OF HIS CHRONIC ILLNESS ▓▓▓▓▓ REGARDING TO HIS PAIN, BUT
NOT THE AILMENT REGARDING TO HIS LOWER BACK PINCH NERVE.

## ARGUMENT TWO

THE GRIEVANT FURTHER ASSERTS THAT HE HAD SOUGHT MEDICAL
TREATMENT TO DIAGNOSE A MYSTERIOUS OUT BREAK ▓▓▓ OF WARTS
ON HIS SKIN. THE MYSTERIOUS WARTS HAVE CONTINUED TO APPEAR
ON HIS FACE, CHEST AND OTHER AREAS OF THE BODY. ON MARCH
14, 2008, THE GRIEVANT WAS EXAMINED BY PHYSICIAN ESPINO
IN REGARD TO HIS WARTS RELATED SYMPTOMS. ACCORDING TO
PHYSICIAN ESPINO, HE HAD EXPLAINED TO THE GRIEVANT THAT HIS SKIN
OUT BREAK WAS ▓▓▓ NOT DUE TO WARTS, BUT WAS RELATED TO A
KELOID INFECTION. SEE ( MEDICAL RECORD, DC4-701 FORM
DATED 3-14-08. ) ON SEPTEMBER 4, 2008, THE GRIEVANT HAD
INITIATED ANOTHER FOLLOW-UP SICK CALL VISIT. WHICH THE GRIEVANT
HAD ALLEGED THAT THE PRE-EXISTING SYMPTOMS HAD SHOWN
NO SIGNS OF IMPROVEMENT, AND THAT THE SYMPTOMS OF HIS
WARTS HAVE CAUSED HIM TO CUMULATE A SEVERE BODY ITCH.

FORMAL GRIEVANCE
ATTACHMENT 1 OF 2

A SCHEDULE APPOINTMENT WAS THEN HELD BY PHYSICIAN ESPINO ON OCTOBER 13, 2008. WHERE THE GRIEVANT CONTENDS THAT HE HAD ADVISED PHYSICIAN ESPINO THAT HIS SKIN HAD DEVELOPE MORE EXSISTING WARTS, IN WHICH THE PRE-EXSISTING WARTS ARE NOW STARTING TO INFLAME HIS SKIN, ALONG WITH CREATING A SEVERE AND UNCONTROLABLE ITCH. WHILE FURTHER ASSERTING THAT THE WARTS WERE ALSO CAUSING HIM EXCURCIATING SORENESS ON THE SKIN. THE GRIEVANT THEN MADE A REQUEST TO BE REFERRED TO CONSULT WITH A DERMATOLOGIST. IN LIKEWISE, PHYSICIAN ESPINO HAD ALSO DENIED THIS REQUEST BY STATING: "THE GRIEVANT DID NOT MEET THE STANDARD REQUIREMENTS UNDER THE DEPARTMENT OF CORRECTIONS LOW BUDGET FUND". THUS, NO OTHER ALTERNATIVE MEDICAL TREATMENT OF CARE WAS CONSIDERED BY PHYSICIAN ESPINO DURING HIS EVALUATION. SEE (MEDICAL RECORD, DC4-701 FORM DATED 10-13-08.)

## CONCLUSION

THE GRIEVANT RESPECTFULLY REQUEST THAT THE SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS COMPEL UNION CORRECTIONAL INSTITUTION PHYSICIAN AND CHIEF HEALTH OFFICER TO REFER HIM TO CONSULT WITH A SPECIALIST IN REGARD TO THE ABOVE RELEVANT MEDICAL COMPLAINT. THIS MEDICAL ISSUE OF REQUEST SHALL BE BASED ON THE INSTITUTION PHYSICIAN AND CHIEF HEALTH OFFICER FAILURE TO ADEQUATELY PROVIDE MEDICAL TREATMENT.

/S/

DEYANDA THOMAS
DC# 182913

DATE 11-12-08